### Sam Ragland v. State.

#### No. 2146. Decided February 19, 1913.

**Burglary—Continuance—Counsel—Postponement.**

   Where, upon trial of burglary, it appeared from the record on appeal that the defendant exercised no diligence in procuring the absent testimony or in employing counsel, and said testimony was probably not true, there was no error in overruling the motion for continuance and postponement.

Appeal from the District Court of El Paso. Tried below before the Hon. Jas. R. Harper.

Appeal from a conviction of burglary; penalty, two and one-half years imprisonment in the penitentiary.

The opinion states the case.

*Owen & Boykin,* for appellant.—On question on overruling defendant's application for postponement and continuance: Daughtery v. State, 26 S. W. Rep., 60; Kuehn v. State, 85 S. W. Rep., 793; Thomason v. State, 2 Texas Crim. App., 550; West v. State, 2 id, 209; Love v. State, 3 id, 501.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of the offense of burglary and his punishment assesed at two and one-half years confinement in the penitentiary.

Appellant has three bills of exception in the record, all of which relate to the same proposition, and that is that apellant was placed on trial when he had no attorney, and when he desired the attendance of two witnesses whose names he did not know. No process had been issued for the witnesses, and no diligence used.

It appears from the record that R. V. Bowden's place of business was burglarized on the 13th of May, and two suit cases filled with clothing stolen; also a typewriter. Appellant was arrested next day in possession of one of the suit cases, while trying to sell some of the clothing. The other suit case was found in his room, as was also the typewriter, the typewriter being in his trunk covered up, and the clothing had been taken out of the suit case and placed in the trunk.

When first arrested he claimed that he had purchased the suit case from a large, heavy set man about twenty minutes before his arrest. The proof shows positively that the articles were stolen on the night of the 13th, and that he was seen in possession of them within an hour after they were stolen.

When the case was called for trial he requested the court to postpone, stating that he had not employed counsel, but would do so in a day or two; that he had purchased the stolen articles from a man named Ash; that two men were present when he purchased them, and he did not know their names.

The sole question presented is, did the court err in refusing to give him further time in which to employ counsel, and err in refusing to give him further time in which to learn the names of the witnesses he says saw him purchase the stolen articles, and have them summoned. Whether he had attorneys on the trial of the case is not made manifest, but that he had attorneys file a motion for new trial is manifest.

Appellant was first arrested charged with this offense on May 14th, and had a preliminary trial, and was bound over to await the action of the grand jury. He then knew he would need an attorney, and would need these witnesses, if any one saw him buy these articles. The grand jury indicted him on May 22nd, and he was arrested on the indictment on that day. The case was called for trial on June 4th, and then it was this application for a postponement was made. We do not think the bills show any sufficient diligence on the part of appellant to learn the names of the witnesses or prepare the case for trial. The evidence strongly presents the theory that he himself was the thief, and the description he gave of the man from whom he purchased the property is wholly at variance with the apearance of Ash from whom, on the trial, he says he purchased the property. The record further discloses that Ash at the time of the burglary and at the time of the trial was a fugitive from justice, and clearly authorized the court to find that his testimony in regard to the purchase of the property on the night of the burglary was not probably true, and if he should secure the attendance of the absent witnesses, whose names he did not know at the time of the trial, they would not so testify.

We think the case discloses a total lack of diligence on the part of appellant, and the evidence conclusively shows his guilt.

The judgment is affirmed.

*Affirmed.*