DAN KIMBROUGH v. THE STATE.

No. 8707.   Delivered March 4, 1925.

Rehearing denied June 3, 1925.

**1.—Transporting Intoxicating Liquor—Bills of Exceptions—Practice on Appeal.**

The rulings of this court touching the admission and rejection of evidence, complaints of the charge of the court, and the refusal, of special charges, to authorize review must be preserved by bills of exception. A recital of them in a motion for new trial will not suffice. Following Holloway v. State, 88 Tex. C. R., and other cases cited. Also see Vernon's Crim. Stats. Vol. 2, page 537, also 1922 Supplement, page 2510, note 20.

**2.—Same—New Trial—Verification of—Practice.**

Where a motion for a new trial on the ground that the jurors heard other testimony in their retirement, and also discussed appellant's failure to testify, and such motion is not verified by the affidavit of defendant, and evidence is heard on the motion, this court cannot review the action of the trial court in overruling such motion in the absence of the evidence heard on the motion.

ON REHEARING.

**3.—Same—Evidence—Not Excepted to.**

Where evidence is admitted and not excepted to and no bill of exception complaining of its admission appears in the record, nothing is presented for review to this court.

Appeal from the District Court of Anderson County. Tried below before the Hon. Ben F. Dent, Judge.

Appeal from a conviction of transporting intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*R. M. Johnson,* and *P. S. Colley,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

100 Tex. Crim.—25.

MORROW, Presiding Judge.—The offense is transporting intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

The State's witness is specific in testifying that he saw the appellant carry a sack containing two quarts of whiskey for a distance of a quarter of a mile; that upon the officer's attempt to apprehend the appellant, he fled but finally surrendered when he was overtaken by the officer. While under pursuit the appellant dropped the sack containing the two bottles of whiskey and one of them was broken. The officers took possession of the other, and the evidence shows without controversy that it was whiskey.

There are no bills of exception in the record.

Counsel in briefing the case discussed various matters, to raise which bills of exception are essential. The rulings of the court touching the admission and rejection of evidence, complaints of the charge and the refusal of special charges, to authorize review, must be preserved by bills of exception. A recital of them in the motion for new trial will not suffice. See Holloway v. State, 88 Texas Crim. Rep. 126; Watson v. State, 87 Texas Crim. Rep. 189; Odom v. State, 82 Texas Crim. Rep. 580; Taylor v. State, 62 Texas Crim. Rep. 580; Vernon's Texas Crim. Stat., Vol. 2, p. 537; also 1922 Supplement, p. 2510, note 20.

The point is made that there was error in receiving in evidence the bottle of whiskey of which the officer took possession at the time of the arrest of the appellant, for the reason that no record was kept of the seizure as required by Chap. 117, Acts of 38th Leg., Reg. Session. The point is not tenable. See Austin v. State, 97 Texas Crim. Rep. 360.

The complaint of the argument of counsel is not available in the absence of a bill of exceptions.

In one paragraph of the motion for new trial there is an averment to the effect that the jurors heard other testimony. There is also an averment that there was a reference in the jury room to the failure of the appellant to testify. The motion for new trial is not verified by the affidavit of the appellant. Evidence was heard by the trial court. To authorize a review in this court, the evidence before the trial court would be necessary.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—Appellant attacks that part of the opinion on the original hearing in which it was said that the appellant claimed that the whiskey taken from his possession was improperly received because there was a failure to show a compliance with the provisions of Chap. 117, Acts of the 30th Legislature. He

insists that the ruling shown in the opinion in Austin v. State, 97 Texas Crim. Rep. 360, does not control for the reason that in that case the bottle of whiskey was not introduced but merely the testimony of the sheriff. In this respect we are inclined to differ from the appellant. Inasmuch as there was no objection to the receipt of the whiskey in evidence shown to have been made by bills of exception, we should have refrained from discussing the matter in the original opinion. In the absence of a bill of exceptions, objections to evidence received are not to be reviewed. The authorities in the original opinion are conclusive upon this point.

The motion is overruled.

*Overruled.*