Steve Skinner v. The State.

No. 8739.   Delivered April 29, 1925.

Rehearing granted.   June 10, 1925.

1.—Possessing Intoxicating Liquor—Appeal Reinstated—Record Corrected.

The appeal in this case was dismissed at a former time, because the record failed to show any sentence. The appellant now seeks a reinstatement of the case and accompanies his motion by a certified copy of the sentence. The appeal is now reinstated.

2.—Same—Continuance—No Diligence Shown—Properly Refused.

Where on a trial for possession of intoxicating liquor for purpose of sale a continuance was requested on account of the absence of two witnesses, and it was shown that appellant was indicted on January 9, 1924, his case set for trial on January 23, 1924, and no process issued for said witnesses, no diligence was shown, and the motion for a continuance was properly overruled. See Holmes v. State, 38 Tex. Crim. Rep. 370 and other cases.

3.—Same—Indictment—Motion to Quash—Properly Denied.

Where appellant presented a motion to quash the indictment on the ground that same did not negative the exceptions in the statute, same, was properly denied.

4.—Same—Statute Construed.

The liquor statutes which provide that the officer who arrests an accused shall give him a receipt for all liquor taken into their possession, is not intended for the benefit of one defending against a violation of some phase of the liquor law, and an appellant will not be heard to complain that the officers who dispossessed him of his liquor gave him no itemized list of the articles found in his possession. See Austin v. State, 261 S. W. 1035.

5.—Same—Bills of Exception—Question and Answer Form—Not Considered.

Notwithstanding the numerous and continuous decisions of this court that bills of exception in question and answer form will not be considered, records continue to be brought forward in this form, many presenting questions of merit, that we are forced to refuse to consider.

ON REHEARING

6.—Same—Tasting Liquor—By Jury—Held Error.

Where in his argument to the jury the district attorney picked up one of the jars of whisky introduced in evidence, and passed said jar around to the jurors, and asked them to taste it, and see whether or not they thought it intoxicating, and some of the jurors did smell and some tasted it, this error necessitates a reversal of the case. See Dane v. State, 36 Tex. Crim. App. 87, Brown v. State, 92 Tex. Crim. Rep. 147.

Appeal from the District Court of Wilbarger County. Tried below before the Hon. J. V. Leak, Judge.

Appeal from a conviction of possessing intoxicating liquor for purpose of sale; penalty, three years in the penitentiary.

The opinion states the case.

*Yarbrough & Tipton,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—The appeal in this case was dismissed at a former time because the record failed to show any sentence. The appellant now seeks a reinstatement of the case and accompanied his motion by a certified copy of the sentence. The motion is granted, the appeal reinstated, and the case now considered on its merits.

The indictment herein was returned January 9, 1924. Prior to the return of the indictment appellant was arrested on the day the offense is alleged to have been committed, he being then found by officers in possession of several gallons of liquor, certain coloring matter, etc. He was engaged in the process of transfering the whisky from a large jug into smaller jars at the time he was apprehended. The case was called for trial January 23rd. Appellant sought a continuance because of the absence of two witnesses. Neither had been summoned, nor does the application set out that process had been issued. As excuse for this apparent lack of diligence appellant states that he did not make bond until January 18, 1924, and did not employ counsel until January 20th, since which time he has been unable to locate said witnesses. The application does not show diligence. Holmes v. State, 38 Texas Crim. Rep. 370; Ragland v. State, 153 S. W. Rep. 1137; Johnson v. State, 70 Texas Crim. Rep. 347.

The motion to quash the indictment based on the fact that same did not negative the exceptions in the statute, was properly overruled. The bill of exceptions complaining of the fact that the officer who arrested appellant gave him no itemized list of the articles found in his possession, is also without merit. The statute authorizing the giving of receipts by officers who take into their possession liquor, is of no benefit to one defending against a violation of some phase of the liquor law. Austin v. State, 261 S. W. Rep. 1035.

Appellant's bills of exception Nos. 4 and 5 are in question and answer form. Bill No. 6 was to the action of the district attorney during his argument in tendering the liquor to the jury for their examination and that they might smell it and taste it. If there was any dispute in the record as to the fact that the liquor was intoxicating liquor, or that it was whisky, the fact that some of the jurors

tasted it might raise a more serious question,—but we observe that the State offered witnesses who testified that they had had experience in handling liquor and that that found in appellant's possession was whiskey. Appellant offered no evidence combating the proposition in the slightest. Such being the condition of the record, we do not think it reversible error for the jury to have tasted the liquor.

The remaining two bills of exception were taken to the lack of sufficient testimony, and the refusal of a new trial. We are not in accord with appellant's contentions in either of them.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant most urgently insists that we did not get the full exent of the matter complained of in bill of exceptions No. 6. Upon mature reflection and more critical examination of said bill we are constrained to agree with his contention. This court has held that it is erroneous to permit the jury to taste liquor which is in evidence and upon whose intoxicating character the guilt of the accused depends. Dane v. State, 36 Texas Crim. Rep. 87; Brown v. State, 92 Texas Crim. Rep. 147. In the case before us the State relied upon two witnesses who testified that they saw and tasted the liquor in question and that in their opinion it was intoxicating. Bill of exceptions No. 6 sets forth that after the evidence was concluded and the charge of the court read to the jury, the State's attorney, in the beginning of his argument, picked up one of the jars of liquor in evidence, and which was claimed by the State to have been found in appellant's possession, removed the lid and passed said jar around to the jurors and asked them to examine same, taste it "*and see whether or not they thought it was intoxicating liquor.*" The bill further shows that said liquor was passed to all the jurors, some of whom smelled it and some tasted it, to all of which an exception was taken. Except in those cases where by specific statutory direction the jury are given the right to become witnesses, such as the determination of handwriting, etc., it is manifestly wrong under our practice for any or all of the jurors to be called upon to exercise their own individual judgment in determining such issues as the one here involved. A weapon may not be introduced and the jury called upon, from their own inspection, handling and judgment, to thus decide whether it is deadly; either may a jury be made witnesses to decide whether a given liquor is intoxicating. From the language attributed to the district attorney in the bill of exceptions, which is approved with-

out qualification, it might be held to appear that said attorney himself was not satisfied upon the question of the intoxicating quality of the liquor and that he called upon the jury by tasting it to thus decide a disputed issue. Manifestly this was wrong. The language used by said attorney escaped our attention upon the original consideration of the case.

Believing that prejudicial error was committed and that we erred in our judgment of affirmance, same will be set aside, and the case now reversed and remanded.

*Reversed and remanded.*