## J. A. MCBRIDE V. THE STATE.

No. 10011.   Delivered March 24, 1926.

**1.—Transporting Intoxicating Liquor—Evidence—Reporting Seizure—Not Essential.**

Where, on a trial for transporting intoxicating liquor, it being shown that officers took from appellant two and one-half quarts of whisky, the failure of the officers to make a report of the liquor seized, as required by Acts of 38th Leg. Ch. 117, Art 692 P. C., 1925, did not render the testimony of the officers inadmissible.   Following Austin v. State, 97 Tex. Crim. Rep. 360 and other cases cited.

**2.—Same—Evidence—Impeaching Defendant—Properly Admitted.**

Where appellant testified in his own behalf on the trial, there was no error in eliciting from him on cross-examination that he was then under an indictment for a violation of the liquor laws.   The evidence was admissible as affecting the credibility of the accused as a witness, and was properly limited to this purpose by the court.   For collation of authorities see Branch's Ann. Tex. P. C. p. 101.

**3.—Same—Evidence—In Rebuttal—Properly Admitted.**

Where appellant had gone into the details of another indictment pending against him, charging him with another offense, there was no error in permitting the state in rebuttal of his explanation to contradict him. See Jackson v. State, 33 Tex. Crim. Rep. 286, and other cases cited.

Appeal from the District Court of Jefferson County.   Tried below before the Hon. Geo. C. O'Brien, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Howell & Stephenson* of Beaumont, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for transporting intoxicating liquor.   Punishment is one year in the penitentiary.

Appellant was coming down a bayou in a row boat towards Beaumont.   When intercepted by officers he threw a sack into the water.   The officers recovered it.   It contained two and one-half quarts of whiskey.   Appellant claimed to have purchased the whiskey while on his way to Beaumont, and that he intended to use it for medicinal purposes.   The jury was pertinently and

correctly instructed that transportation of intoxicating liquor for medicinal purposes was not a violation of the law and that appellant should be acquitted if such was his purpose. No objection was urged to any portion of the charge. Indeed it appears to have properly guarded accused's rights in all respects and not to be subject to any exception.

Bills of exception one, two and six, relate to the same subject and complain of the reception of the officers' testimony because they had not made report of the liquor seized as required by Acts of the 38th Leg. Ch. 117 (Art. 692, P. C. 1925). The omission to make such report did not render the evidence inadmissible. The question is settled against appellant in Austin v. State, 97 Tex. Cr. R. 360, 261 S. W. 1035; Burns v. State, 268 S. W. 750; Skinner v. State, 274 S. W. 133. The point in no way involves the "Unlawful Search and Seizure Law" passed by the 39th Legislature, p. 357, (Art. 4a and 4b, C. C. P., 1925).

Complaint is made in bill number four because the state elicited from appellant on cross-examination that he was then under indictment for possessing a still, equipment and mash for manufacturing intoxicating liquor. This charge was in no way connected with the transaction upon which the present prosecution is based. The evidence was admissible as affecting the credibility of accused as a witness and was properly limited to this purpose by the court. (For collation of authorities see Sec. 167, Branch's Ann. Tex. P. C. p. 101).

It is doubtful if bill number five is sufficiently full to authorize its consideration. We gather from it and the record generally that after appellant had admitted he was then under indictment for another felony he on re-direct examination went into great detail explaining the circumstances in connection with such indictment in order to re-instate his credit before the jury. He had a right to do this. Jackson v. State, 33 Tex. Cr. R. 286, 26 S. W. 194; Tippett v. State, 37 Tex. Cr. R. 190, 39 S. W. 120; Branch's Ann. Tex. P. C. Sec. 172. The evidence, reception of which is complained of in this bill, appears to have been in rebuttal of appellant's explanation. We think the bill shows no error.

The only other bill in the record (number three) is without merit.

The judgment is affirmed.

*Affirmed.*