OLIVIA MATTHEWS v. THE STATE.

No. 12572.    Delivered October 30, 1929.
Rehearing denied December 4, 1929.

The opinion states the case.

*Elmo Johnson* and *Marsene Johnson, Jr.,* of Galveston and *Samuel J. Styles* of Bay City, for appellant.

*Owen D. Barker,* County Attorney of Galveston, and *A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Appellant was indicted for murder and convicted of the offense of manslaughter, her penalty being assessed at five years confinement in the penitentiary.

A former appeal of this case will be found reported in 109 Tex. Crim. Rep. 560. The participants in the fatal difficulty were all negro women. The State's theory was that the killing was prompted by jealousy. The appellant's testimony tended to show that she acted in self-defense against an attack. by deceased and another negress. Appellant filed a plea for a suspended sentence.

The only question which we deem worthy of discussion relates to the action of the Court in permitting the introduction of testimony of certain character witnesses. The point is preserved by several bills of exception but as they all relate to the same matter, they will be discussed together. Several officers were permitted to testify that the general reputation of appellant as a peaceable and law-abiding citizen was bad. On cross-examination some of these witnesses testified that they had only known the appellant for three months preceding the trial, had no knowledge of her before that time and had never discussed her reputation with anyone, whereupon counsel moved to strike their testimony from the record. The killing is alleged to have happened in 1926, while the instant trial was had in 1929. The particular objections to the testimony of these witnesses were in substance: (1) That the appellant had not put her character in issue, (2) that the inquiry as to the status of her character was not limited to a time prior to the alleged commission of the offense, (3) that some of the witnesses are shown to have not been qualified, it appearing that they had never discussed the reputation of appellant with anyone and had only known her for three months. As before stated the appellant filed an application for suspended sentence. The effect of this was to put her reputation in issue. Art. 778, C. C. P.; Overby v. State, 242 S. W. 213; Williamson v. State, 74 Tex. Crim. Rep. 289; Conatser v. State, 75 Tex. Crim. Rep. 91.

The general rule is that when an issue as to the reputation of the appellant has been tendered or is made an issue, it must be limited to a time which antedates the commission of the offense. When, however, the right to a suspended sentence is made an issue, the inquiry may be extended to embrace the time of the trial. The question was passed on adversely, we think, to appellant's contention by Justice Hawkins in the case of Bayer v. State, 96 Tex. Crim. Rep. 310. We feel unable to add anything to what was there stated on this question. See also Smith v. State, 252 S. W. 562; Williams v. State, 83 Tex. Crim. Rep. 26; Mason v. State, 90 Tex. Crim. Rep. 560.

Appellant's last proposition that the witnesses were not shown to be qualified because they had never discussed the reputation of appellant and had only known her three months is in our opinion without merit. The law does not require a personal discussion of the character of an accused nor even a personal acquaintance with him to qualify a character witness. Obviously such a witness may have heard the accused's character discussed many times without having engaged in the discussion and his conclusion might properly be based upon hearing these various discussions in the community in which an accused resides without ever having seen the accused or being personally acquainted with him. Cross-examination of these various witnesses went no further than what is indicated above. Their answers to the State's question clearly qualified them and no facts appear on the cross-examination which in our opinion would destroy the effect of their qualification as witnesses.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—But one question seems to be raised by appellant in her motion. She asserts that a witness for the State who testified to her bad reputation for peace and quietue, discloses in his testimony that he had never heard same discussed by any person but was testifying "Because of what I know." The witness referred to was the chief of police of the City of Galveston, and from the record we observe that he asserted positively his knowledge

of the general reputation of appellant in the particular mentioned, and that it was bad. The fact that the witness on cross-examination qualified his statement by saying he had never heard it discussed, but that he knew it was bad, would not seem to us to justify the exclusion of the witness' testimony. It might be observed that testimony concerning the bad reputation of the appellant was given by a number of other witnesses.

The motion for rehearing will be overruled.

*Overruled.*