### GUS WOLSKE v. THE STATE.

No. 14373. Delivered November 4, 1931.

The opinion states the case.

*Fletcher S. Jones,* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possessing equipment for the manufacture of intoxicating liquor, punishment being one year in the penitentiary.

Armed with a search warrant officers searched appellant's private residence. It was a five-room bungalow with a large attic. In the kitchen cabinet was found one pint of whisky. The trap door leading into the attic was locked. The key to the same was secured from appellant. In the attic the officers found the following articles: one hundred eight gallons of grain mash, three fifty gallon barrels, one thirty gallon barrel, with a coil in it, known as a cooling barrel, one fifty gallon copper still and a two-burner gas stove, one-half sack of sugar, one-half sack of rye grain, twelve gallons of whisky, several kegs, jugs and bottles.

The officers characterized it as a complete whisky making outfit.

Four bills of exception are found in the record. All of them in some way raise a question as to the sufficiency of the affidavit upon which the search wararnt was issued. We have examined the same carefully and confess our inability to discover any defect in the affidavit. However, in view of appellant's own evidence the sufficiency of the affidavit would seem unimportant. He admitted that he had the still and other equipment mentioned, and claimed that he was making whisky for use as a

medicine. Even if the affidavit for the search warrant was defective appellant's evidence makes out a complete case against him, unless he could escape on the defensive issue raised, which the jury determined in the state's favor. (See authorities collated in Machado v. State, 112 Texas Crim. Rep., 538, 17 S. W. (2d) 1060; Stone v. State, 113 Texas Crim. Rep., 371, 22 S. W. (2d) 140; also Pena v. State, 117 Texas Crim. Rep., 265, 34 S. W. (2d) 603.)

One ground of objection urged to the officers' testimony was that they had not given to· appellant a copy of the list describing the equipment and liquor, as required by article 692, P. C. This point has been decided against appellant in Austin v. State, 97 Texas Crim. Rep., 360, 261 S. W., 1035; Burns v. State, 99 Texas Crim. Rep., 252, 268 S. W., 950; Skinner v. State, 101 Texas Crim. Rep., 68, 274 S. W., 133; Kimbrough v. State, 100 Texas Crim. Rep., 385, 272 S. W., 453; Martini v. State, 104 Texas Crim. Rep., 238, 283 S. W., 505; McBride v. State, 103 Texas Crim. Rep., 583, 281 S. W., 1074.

The count in the indictment upon which conviction was· had alleged that appellant had in his possession "one still, mash and equipment" for manufacturing intoxicating liquor. The court instructed the jury to convict if they found from the evidence beyond a reasonable doubt that appellant possessed "equipment for manufacturing intoxicating liquor". The averments of the indictment were in no way challenged as being insufficient, nor was there any objection to the court's instructions in the particular mentioned. By brief appellant contends that the court committed fundamental error in submitting the case to the jury, in that it is claimed that the averments of the indictment were not followed in the charge. We are of opinion this contention can not be sustained. Ford v. State, 108 Texas Crim. Rep., 626, 2 S. W. (2d) 265.

The judgment is affirmed.

*Affirmed.*