## ELMER WHITLOCK V. THE STATE.

No. 15578.   Delivered February 8, 1933.
Rehearing Denied March 22, 1933.
Reported in 58 S. W. (2d) 109.

The opinion states the case.

*R. E. Eubank,* of Paris, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—The possession of intoxicating liquor for the purpose of sale is the offense; penalty assessed at confinement in the penitentiary for two years.

Possessed of a search warrant to search the private dwelling of Mrs. Ida Prichard, located at 100 South 18th Street in the city of Paris, Lamar county, Texas, officers Biard, Collins, and Hargrove entered the residence occupied by Mrs. Prichard.

The testimony of one of the officers was to the effect that upon entering the bathroom he saw the appellant, Whitlock, with a half gallon of whisky in his hand, stooping over the commode. The officers took the whisky from the appellant. There were two more half gallons. The officer asked the appellant where the balance was, and he replied: "This is all I have got." The officer got three half gallons of whisky, one from the arms of the appellant and two half gallons which were sitting in a carton down by the side of the commode. All of this whisky was gotten out of the bathroom of Mrs. Ida Prichard's house.

Mrs. Ida Prichard testified that she and her boys lived at 100 South 18th Street, Paris, Texas, and had lived there for three years. She remembered the search of the premises by Biard, Collins, and Hargroves and the finding of whisky. She had known Whitlock for about a year, and he had two rooms which she had rented to him for light housekeeping, namely, the two front rooms. The rest of the house was occupied by the witness. She had charge of the bathroom. It was used by others but was in her charge and possession. All she rented to the appellant was two rooms. The whisky found by the officers was not gotten out of the two rooms rented to the appellant but was gotten out of the bathroom. It seems that no search was made of these two rooms. At all events, no intoxicating liquor was found in them. The only intoxicating liquor that was found was in the personal possession of the appellant while he was in the bathroom attached to the premises.

The appellant having filed an application for a suspended sentence and no withdrawal thereof having been made, it was deemed proper for the court to sanction the statement of the state's attorney in his address to the jury to the effect that the state expected to show that the appellant had been previously convicted of a felony and also to show that his reputation as a peaceable, law-abiding citizen was bad. That a conviction of a felony in which a suspended sentence is awarded is a "conviction of a felony" within the meaning of the Suspended Sentence Law (article 776, C. C. P.), has been announced by this court

in the case of Hill v. State, 92 Texas Crim. Rep., 312, 243 S. W., 982; McBride v. State, 103 Texas Crim. Rep., 583, 281 S. W., 1074. By entering the plea seeking a suspended sentence and submitting it to the court, notice was given to the state that it was the intention of the appellant to introduce evidence to show that he had not been convicted of a felony. Such notice would embrace any available means to combat the claim of the previous conviction. Under the plea it would have been competent for the appellant to prove that any judgment against him had been set aside, or he might have controverted his identity as the person against whom such judgment was rendered, or that there stood against him no such judgment of conviction. That an application for a suspended sentence puts in issue the general reputation of the accused as a peaceable, law-abiding citizen and permits the state to make proof thereof is a part of the statute. Article 778, C. C. P. See Vernon's Ann. Tex. C. C. P., 1925, vol. 3, p. 164, note 4; Martoni v. State, 74 Texas Crim. Rep., 90, and many other cases; also Williamson v. State, 74 Texas Crim. Rep., 289; Bryant v. State, 106 Texas Crim. Rep., 442; Page v. State, 114 Texas Crim. Rep., 431. In receiving evidence that the appellant had been convicted of a felony and given a suspended sentence and that his reputation as a law-abiding citizen was bad, the court was not in error. See Martoni v. State, supra, and Williamson v. State, supra. If the appellant had at the proper time withdrawn his plea for a suspended sentence, a different rule would have controlled. Harmon v. State, 45 S. W. (2d) 583.

It was specifically in evidence and not controverted that the bathroom was not a part of the premises rented to the appellant. The search of that part of the Prichard house which was not rented to the appellant was a matter of which he is not in a position to complain. Objection to the search of that part of the house which was under her control and which was not rented to the appellant was a privilege personal to Mrs. Prichard. See Craft v. State, 107 Texas Crim. Rep., 130, and collation of authorities; also, Comeaux v. State, 42 S. W. (2d) 255. The result of the search was admissible in evidence against the appellant. See authorities cited above.

The case was submitted to the jury on the law of circumstantial evidence. The statutory law with reference to prima facie evidence, as embraced in article 671, P. C., was given to the jury. We think no error was committed in the refusal of the court to instruct the jury that there was an absence of

proof that the appellant possessed intoxicating liquor for the purpose of sale.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We do not think the fact that appellant was given the right to use the bathroom on the premises, of which the two rooms rented by him were a part, would give him any such right of control, care, and management as would justify this court in holding it a violation of law for the officers, under a search warrant directing them to search the property of his landlady, to have searched said bathroom in which was found a quantity of liquor in the personal possession of appellant at the time of the search. Appellant did not testify to and assert his ownership or control of said bathroom, and Mrs. Prichard, his landlady, testified repeatedly that all she rented to this appellant was two rooms, into which she never entered, and with which she had nothing to do. She testified in regard to the bathroom as follows: "He had nothing to do with the bathroom at all, only going in and out, he had the privilege of that just like the rest of us had, the other roomers." In another place she testified: "I had charge and possession of the bathroom, they used it the same as I did, we both used it, but it was in my charge and possession. All I rented to Whitlock was the two rooms."

The accused having requested the state's attorney to make a statement in the presence of the jury, in advance of the trial, as to what the state expected to prove, we see no ground for his objection as to what appears in said statement so made in response to said request.

We believe the case was correctly decided in the former opinion, and the motion for rehearing will be overruled.

*Overruled.*