## AUBREY BROWN V. THE STATE.

No. 17877.   Delivered November 20, 1935.

The opinion states the case.

*Stollenwerck & Stollenwerck,* of Hillsboro, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of murder and his punishment was assessed at confinement in the penitentiary for a term of 25 years.

The record shows that appellant and deceased attended a dance at the home of H. A. Thomas on the night of December

25, 1934, where appellant and one Alvin Thomas became involved in a controversy over the payment for the privilege of dancing a certain set. Soon thereafter the deceased approached appellant and requested that he cease cursing in the presence of the ladies, which appellant denied having done, and this brought about an argument which precipitated a fight in which appellant was struck over the eye, inflicting a wound from which blood flowed down his face. The combatants were separated and appellant was taken out into the yard where he washed the blood from his face, but in a few minutes he returned to the dance room, went where deceased was standing with his back to the door, and stabbed him, inflicting a mortal wound.

By bill of exception No. 1 appellant complains of the action of the trial court in overruling his application for a continuance based on the absence of one Dickey Whitt by whom he expected to prove and would have proved, if present, that the deceased struck appellant with brass knucks immediately preceding the stabbing. The sheriff testified at the hearing of the motion for a continuance that he made diligent search for the witness but could not locate him; that he was not certain that he would be able to locate him by the next term of court. The sheriff also testified that the grand jury had returned three indictments against the witness. The court qualified the bill of exception and in his qualification states that the witness was a fugitive from justice. Under the circumstances, the granting or refusal of the continuance was within the sound discretion of the trial court, and this court will not disturb his action unless it clearly appears that he abused his discretion. See Stevens v. State, 49 S. W., 105; Deckard v. State, 124 S. W., 673.

Bill of exception No. 2 is too indefinite to be considered by this court, in that it does not appear from the statement in the bill that appellant did not hear Mr. Thomas ask the deceased to take charge of the house during his absence. It is true that such appears in appellant's objection; but the ground of objection is not to be treated as a statement of a fact in the bill. See Conger v. State, 63 Texas Crim. Rep., 312 (327); Buchanan v. State, 298 S. W., 569; Eidson v. State, 111 Texas Crim. Rep., 122; Arnold v. State, 74 Texas Crim. Rep., 275; Best v. State, 164 S. W., 996. In the absence of a showing that knowledge of the instruction given by Thomas to the deceased was in some way brought to attention

of appellant, the same should not be admitted in evidence at another trial.

Bills of exception Nos. 6, 7, 8 and 10 relate to the same subject matter and will be considered and disposed of together. Bill of exception No. 6 shows that during the cross-examination of appellant the district attorney asked him: "Did you ever cut John Bennett with a knife within the past five years?" to which appellant objected. The objection was overruled and appellant answered: "No, sir." Bill of exception No. 7 shows that the district attorney then asked him the following question: "Did you do so in the past ten years?" and appellant again answered in the negative. Bill of exception No. 8 shows that the State then offered one Cooter Scott as a witness, and proved by him over appellant's objection, that he, the witness, and appellant had a fight in which appellant scratched his, the witness', back with a knife. Bill of exception No. 10 shows that the State then offered one Floyd Black as a witness and inquired of him whether he saw appellant cut the Bennett boy with a knife, to which the witness, over appellant's objection, replied: "Well, I can't exactly say how long it has been." The court qualified bill of exception No. 10 by stating that as the witness could not fix the time he sustained the objection, but appellant did not make any motion to have the testimony withdrawn. It appears from the record that the court was of the opinion that inasmuch as appellant had filed a plea for a suspension of sentence in the event of his conviction, that the testimony complained of was admissible as affecting appellant's general reputation and for impeachment. In the case of Skelton v. State, 291 S. W., 240, this court said: "Whenever the purpose is to attack the general reputation of the accused for being peaceable and law-abiding, let it be plainly understood that this cannot be done, in the first instance, by proof of specific acts of misconduct or the commission of specific offenses. We have often said that, on cross-examination of witnesses to general reputation, they may be asked as to their having heard of specific acts of misconduct on the part of the accused at variance with the character ascribed to him by such witnesses; the purpose of such question being to thus weaken the force of the testimony of such witnesses."

In the case of Johnson v. State, 91 Texas Crim. Rep., 582, this court, on motion for rehearing, said: "The accused may always be prepared to meet an attack on his general character, but can not fairly be required, without notice, to controvert

particular facts. But a witness to good character may be asked on cross-examination whether he has heard rumors of particular and specific charges of the commission of acts inconsistent with the character which he was called to prove." Such inquiry is also permissible as affecting the weight and credibility of their testimony, but it is not proper for the State, in the first instance, to prove specific acts of misconduct. It was improper for the State to offer incompetent testimony and then to impeach the witness by independent and extraneous offenses. We believe that appellant's position is well taken and that his contention must be sustained.

For the errors hereinabove pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.