O. B. BLACK v. THE STATE.

No. 17853.    Delivered January 15, 1936.
Rehearing Denied March 25, 1936.

The opinion states the case.

*T. R. Mears,* of Gatesville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of burglary and his punishment was assessed at confinement in the state penitentiary for a term of three years.

The record shows that on the night of May 4, 1934, someone entered the cafe of J. D. Lucas situated in Kerrville and

took therefrom two slot machines, money, and cigarettes. The entrance to the cafe was effected by cutting a screen from over the window and entering through same. The burglars left the cafe with the loot by way of the rear door.

Walter Holloman, who was an accomplice, testified that appellant entered the cafe on said night through a window, opened the front door to permit him, Holloman, to enter; that they took from said cafe two slot machines, money, and cigarettes; that appellant carried the larger machine while he carried the smaller one; that while they went along an alley near the Home Laundry someone shot at them, which caused each to drop his machine and run away. The testimony further shows that an investigation of the alleged burglary disclosed that a screen over the window at the cafe was cut; the back door unfastened; the slot machines were found near the Home Laundry as testified to by the accomplice. On the lower rim of the larger slot machine finger prints were discovered which corresponded to those of the appellant. All of which, we think, sufficiently corroborated the accomplice. We therefore overrule the appellant's contention.

Appellant made some objection to the court's charge but if the same was ever presented to the court within the time prescribed by law, the record fails to show it and fails to show what ruling, if any, the court made thereon. The objections to the court's charge are not signed and authenticated by the court, or brought forward by a separate bill of exception, in the absence of which the matter is not properly presented to this court for a review.

Bill of exception number one reflects the following occurrence. Before announcing ready for trial the appellant filed a plea for suspension of sentence in the event of conviction. During the trial and before the State rested the district attorney propounded to one of the State's witnesses the following question: "Do you know his general reputation in the community in which he lives as being a peaceable law abiding citizen or otherwise?"—to which the appellant objected on the ground that he had not put his reputation in issue inasmuch as he had not offered any testimony in support of said plea and he himself had not testified. The court did not permit said witness to answer the question and instructed the jury that they could not consider for any purpose the question propounded to the witness. However, appellant insists that this was prejudicial error notwithstanding. The rule seems to be that the filing of an application for a suspended sentence places the appellant's

reputation in issue unless the same is withdrawn. See Overby v. State, 92 Texas Crim. Rep., 173; Matthews v. State, 21 S. W. (2d) 1047. We are therefore of the opinion that the asking of the question complained of was not error and especially so, in view of the fact, that the witness was not permitted to answer the same and the jury was instructed not to consider it. Hence no reversible error was committed by the trial court. Wherefore the judgment of conviction is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant challenges the statement in our original opinion which in effect held that the filing of an application for suspended sentence put in issue accused's general reputation as a law abiding citizen, and authorized the State to present evidence thereon unless such application was withdrawn. In addition to authorities cited originally see Shirley v. State, 93 Texas Crim. Rep., 537, 248 S. W., 692; Turner v. State, 109 Texas Crim. Rep., 301, 4 S. W. (2d) 58; Whitlock v. State, 123 Texas Crim. Rep., 279; 58 S. W. (2d) 109; also Note 4, page 164, Vernon's Ann. Texas C. C. P., Vol. 3, under Art. 778, C. C. P.

Appellant also urges that the corroborating evidence of the accomplice witness Holloman does not meet the requirements of the law. Holloman made out a complete case, and after a re-examination of the corroborating evidence we fail to discover wherein it falls short of tending to connect appellant with the burglary.

The motion for rehearing is overruled.

*Overruled.*