MABLE MITCHELL V. STATE.

No. 24164. November 17, 1948.
Rehearing Denied January 12, 1949.

Hon. Owen M. Lord, Judge Presiding.

*D. H. O'Fiel,* of Beaumont, for appellant.

*Jep S. Fuller,* County Attorney, and *Ramie H. Griffin,* Assistant County Attorney, both of Beaumont, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Murder without malice is the offense; the punishment, five years in the penitentiary.

That appellant killed deceased by stabbing him with a butcher knife in the region of the heart is not denied. The State's testimony shows that the killing was unprovoked and unjustified, while that of the appellant shows a killing in self-defense from an actual attack, as also threats.

Appellant filed, and supported by proof, an application for a suspension of sentence.

Upon direct examination appellant admitted that she had been arrested for vagrancy and fighting, which, she said, were the "only times I have been arrested." Upon cross-examination she was interrogated relative to the prior arrests, in the course of which she was asked as to her pulling a "knife on Mr. Fuller's boy" on one occasion. This she denied. She admitted that Bauer, a policeman, had told her to leave Beaumont, which she did. No objection was registered to this cross-examination.

In rebuttal the State proved by the witness Bauer that appellant bore a bad reputation for being a peaceable, law-abiding citizen. No objection was registered thereto by the appellant. Upon cross-examination by appellant's counsel the witness Bauer testified, "I know she had a fight with this one and the other one and stuff like that. She cut Myrtle I think it was, Myrtle Jones."

The witness Fuller, also in rebuttal, testified that appellant bore a bad reputation for being a peaceable and law-abiding citizen and that he "was present . . . sometime in the past year when my son had some trouble with this defendant, Mable Mitchell. The defendant . . . pulled a knife on my son." Appellant cross-examined the witness at length as to this last statement and developed the details of the transaction wherein the appellant drew a knife or dirk upon the son of witness.

Appellant registered no objection to the testimony of the witnesses Bauer and Fuller, or either of them, nor did she seek, by motion, to have same withdrawn from the jury.

Appellant insists that the testimony of said witnesses showing specific acts of misconduct on her part constitutes reversible error. (Skelton v. State, 106 Tex. Cr. R. 90, 291 S. W. 238-240; Brown v. State, 129 Tex. Cr. R. 394, 87 S. W. (2d) 720.)

A determination of this question rests, first, upon whether a sufficient objection was registered to the testimony.

To meet this contingency, appellant relies upon an exception reserved to the charge, which reads as follows:

"The defendant further objects to the court's main charge in that nowheres in said charge *is* contained instructions to the

effect that the jury will not consider the statements made by the State's witness, Willie Bauer, and one Mr. Fuller, for any purpose at all in that the State cannot be permitted to attack or put in issue the character of the defendant, the defendant not having placed her character in issue herself."

This objection to the charge is not deemed sufficient to raise the question, because objections to the admission of testimony ordinarily must be presented by a bill of exception. 4 Tex. Jur., Sec. 61, p. 94.

Construing the exception to the charge, however, as a motion to withdraw all the testimony of the two witnesses, no error is shown, because a part of the testimony sought to be withdrawn was admissible. It will be remembered that these witnesses testified that appellant had a bad general reputation for being a peaceable and law-abiding citizen. Such testimony was admissible under appellant's application for a suspended sentence. Whitlock v. State, 123 Tex. Cr. R. 279, 58 S. W. (2d) 109; Moore v. State, 125 Tex. Cr. R. 233, 67 S. W. (2d) 610; Black v. State, 130 Tex. Cr. R. 94, 92 S. W. (2d) 255; Stewart v. State, 148 Tex. Cr. R. 480, 188 S. W. (2d) 167.

It is the rule of long standing that if part of the testimony is admissible, a general objection to all of the evidence, including the admissible portion, is too general. Branch's P. C., Sec. 211; Dixon v. State, 91 Tex. Cr. R. 217, 238 S. W. 227; Cadle v. State, 122 Tex. Cr. R. 595, 57 S. W. (2d) 147; Tracy v. State, 111 Tex. Cr. R. 160, 12 S. W. (2d) 205.

There was testimony showing that deceased was a violent and dangerous man. Appellant sought by special requested charge to have the jury instructed in connection therewith that they might consider such testimony ". . . as having a bearing upon the question as to whether or not the deceased, Earl Mitchell, was the aggressor in the altercation, out of which the homicide grew . . ." Such charge was properly refused as being upon the weight of the evidence.

Other exceptions to the charge have been examined and are overruled without discussion.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.

## ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant again complains because of the failure to hold in the original opinion that certain testimony of Bauer and Fuller was properly and timely objected to and brought forward in a bill of exception. It will be noted that not only was such testimony not objected to at any time, but it is also shown that a portion thereof was unquestionably admissible under appellant's application for a suspended sentence, and if the objections found to the court's charge, as set forth in the original opinion, be treated as an objection to such testimony (which we think cannot be done), nevertheless, a portion of the testimony being admissible, a blanket objection to the whole thereof is not sufficient to properly bring such matter to our attention.

The motion is therefore overruled.