CLARENCE SCHULTZ v. THE STATE.

No. 8406.   Decided April 16, 1924.

Rehearing granted May 28, 1924.

**Transporting Intoxicating Liquor—Absent Witnesses.**

Appellant complained that the State was permitted to prove that certain parties who were in the car with him at the time of the alleged transportation of intoxicating liquor had been sought for as witnesses by the State, and that they could not be found in the county, held that appellant was not chargeable with the absence of said witnesses, nor would he be chargeable with the absence of any witness from the trial, unless there was something to show that he had been instrumental in keeping them away, and the action of the district attorney in regard to two written statements which he put in evidence made by said two witnesses, was reversible error, and the judgment must, therefore, be reversed and the cause remained.

Appeal from the District Court of Floyd.   Tried below before the Honorable R. C. Joiner.

Appeal for a conviction of unlawful transportation of intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Kirk & Griffin,* for appellant.—On question of District Attorney's conduct as to the absent witnesses: Rutherford v. State, 67 S. W. Rep., 101; Exon v. State, 26 id., 1088; Beach v. State, 210 id., 540; Boswell v. State, 248 id., 360.

*Tom Garrard, Attorney* for the State, and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Floyd County of transporting intoxicating liquor, and his punishment fixed at one year in the penitentiary.

The testimony shows that on July 4, 1922, the appellant was at Lockney in an Essex car.   Later in the day appellant in said car was

in the town of Floydada. The car was driven up to a point not far from the courthouse in Floydada where it stood until it was searched by officers and in it was found a quantity of whisky. Witnesses testified that at various times before the search was made by the officers, appellant went to the car and gave them whisky to drink. Prior to the arrest of appellant a deputy sheriff said he went to the car and found three parties there with whisky and that appellant was one of them. One of the party asked the officer if he wanted a drink and receiving an affirmative reply poured him out whisky in a glass from a bottle. Other whisky in a half-gallon fruit jar was found in the car. There was also a jug containing corn whisky in it. Paul Foster testified that he saw the defendant that night at a dance in Floydada and was asked by appellant if he wanted a drink. The two went together to the car in question and appellant reached in and got a bottle. Witness said appellant told him he was not selling it, that he did not have any to spare. Ernest Grigsby testified that he saw the car in question on a street in Floydada before it was searched and that it was going south and went about 150 feet, then turned east, went about 150 feet and parked just south of the courthouse. This was the same car witness had seen in Lockney that afternoon when defendant was driving the car. This witness said from the time he saw the car driven along the street till it stopped no one put anything into it; that he was paying close attention and that if anyone had put a fruit jar and a jug of whisky in the car he would have seen it. This witness also stated that he saw the car searched and that no one put any whisky in the car from the time he first saw it until it was searched; that he was where he could see the car all the time; that he saw persons going out to the car and stay a while and go away and leave it; that these parties came from the dance hall. Witness was twenty or thirty steps away when the officers made the search and had observed the car all the time. Witness was working for the city marshal. On one of the trips made by appellant to the car from the dance hall he asked witness if he would have a drink and gave him one. The car is spoken of by witnesses as being that of the appellant. No testimony was offered on behalf of the defense.

Appellant has three bills of exception in the record. The first complains that a deputy sheriff was permitted to testify on behalf of the State that he had tried to locate the young women who were in the car when it came to Floydada, for the purpose of serving a subpoena upon them and had been unable to find them in the county. The other bill complains that the district attorney offered in the presence of the jury two written statements, accompanying the offer with the statement that he now offered in evidence the statement made by each of the young women who were in the car. The objection of the appellant to this latter was sustained and the jury instructed not to con-

sider any statement made by the district attorney in regard to said matter. The remaining bill of exceptions was taken to the argument of the State's attorney to the effect that while the defendant was at Lockney and before coming to Floydada, he was putting out liquor. Upon request of the appellant the jury were instructed not to consider this remark. There was some evidence before the jury to the effect that appellant and his companions in the car at Lockney were drinking on the morning before the evening of the arrest at Floydada. This would appear to be foundation for the inference drawn by the district attorney in the remarks made by him which were objected to. We think the action of the district attorney in offering in evidence before the jury the written documents, accompanied by the statement that he was now offering the evidence of the young women who were in the car with appellant, was erroneous. With reference to the complaint of proof of the effort to have process served upon the two young women. we note that it is disclosed by the statement of facts that they were in the car with appellant when he came to Floydada, and it was further shown that they were girls from the town of Lockney. This being in the record, if the State had made no effort to obtain their testimony or place it before the jury, this could have been the subject of adverse criticism by appellant in the presentation of his case in the absence of a showing of an effort on the part of the State to procure said witnesses. In view of the fact that the evidence seems almost without controversy to show the guilt of the appellant, and that the jury have fixed his punishment at the lowest penalty allowed by law. we would hold that the error of the offer before the jury of that which would seem to be known to the district attorney to be inadmissible testimony, was not such error as to call for a reversal of the case.

The judgment will be affirmed.

*Affirmed.*

ON REHEARING.

May 28, 1924.

LATTIMORE, JUDGE.—Upon mature reflection we are inclined to the opinion that we erred in affirming this case. Appellant's complaint set out in his first bill of exceptions was of the State's proof that certain parties who were in the car with appellant at the time of the alleged transportation of intoxicating liquor, had been sought for as witnesses by the State and that they could not be found in the county. Similar questions have been before the court in other cases. In Askew v. State, 59 Texas Crim. Rep., 152, this court said:

"Appellant was not chargeable with the absence of State witnesses, nor would he be chargeable with the absence of any witness from the trial, unless there was something to show that he had been instrumental in keeping them away, and there was no attempt made or evidence offered to show that he was in any way connected with or instrumental in keeping the witnesses from attending court and giving their testimony. The mere absence of witnesses from a trial should not be used against an accused person unless he was instrumental in some way in keeping them away."

To the same effect are Harding v. State, 55 Texas Crim. Rep., 634 and Clifton v. State, 46 Texas Crim. Rep., 22. In our original opinion we refer to the action of the district attorney in regard to two written statements which he offered in evidence. Serious complaint is made of the actions of the State in this regard. The written statements were those of two companions of appellant who were with him in the car at the time of the alleged transportation of the liquor. They were the same parties for whom process had been issued by the State and whose absence was testified to by the deputy sheriff who said he could not find them in the county, which is first above referred to. We were inclined to regard the action of the State's attorney as being without prejudice in this matter but upon consideration have concluded that such action was hurtful to the appellant. It was not the inadvertent or casual act of the State's attorney which might be cured by an instruction of the court, but appears to have been an act done for the purpose of getting before the jury the fact that the State's attorney was very anxious to prove the statements made by one or both of said witnesses. It appears from the bills of exception that the district attorney rose before the jury holding in his hand a paper and stated in the presence and hearing of the jury: "We next offer in evidence the statement of Pinie Weaver". This was objected to and the objection was sustained, said State's attorney in the meantime having further said that this was a statement made by the witness before the justice of the peace and sworn to. Upon request the court instructed the jury not to consider the remarks of the district attorney, and the court again sustained the objection of the defense. Immediately following this the district attorney, holding in his hand another paper apparently containing writing, said: "We offer in evidence the statement made and sworn to by Dixie Guinn," and when the defense counsel objected the State's attorney further said that this was what was taken at the examination trial. The court again sustained the objection and instructed the jury not to consider any statement of the district attorney in regard to the matter. We can see little excuse for the conduct of the State in offering either paper, and none for the offer of the second paper. No predicate had been laid by showing or attempting to show that the

witnesses were out of the State, and the effect of the offer of said written statements purporting to contain the testimony of said eye-witnesses, could but have the effect of getting before the jury the apparent belief of the State's attorney that such testimony was favorable to the State's case.

Being of opinion that we erred in not sustaining the appellant's contention in regard to the two matters above discussed, and that same were materially injurious, the motion for rehearing will be granted, the affirmance set aside, and the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

[This opinion reached the hands of the Reporter June 1924.]