EMMETT PETTIETT V. THE STATE.

No. 9133.   Delivered May 27, 1925.

1.—Forgery—Evidence—Of Other Offenses—Not Admissible.

It has been the unbroken rule in this state that the defendant should be tried on the merits of each case, and proof of extraneous crimes which does not go to intent, identity or system, or which is not a part of the *res gestae,* is not admissible, if it could only show that defendant was a criminal gen-

erally, and the introduction in the instant case of three indictments charging him with felonies on dates subsequent to the date of the offense for which he was on trial, was error necessitating the reversal of the case. See Branch's Ann. P. C. page 99 for collation of authorities.

### 2.—Same—Suspended Sentence—Other Indictments Pending—Inadmissible.

Where appellant has filed a plea for a suspended sentence, proof of other indictments pending against him at the time of his trial, are not admissible. Following Johnson v. State, 241 S. W. 484 and other cases cited.

Appeal from the District Court of Van Zandt County. Tried below before the Hon. Joel R. Bond, Judge.

Appeal from a conviction for forgery; penalty, two years in the penitentiary.

The opinion states the case.

*Miller & Miller* and *R. M. Lively,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, Judge.—Appellant was convicted in the District Court of Van Zandt County for the offense of forgery, and his punishment assessed at confinement in the penitentiary for a term of two years.

The indictment charged the appellant with unlawfully and without unlawful authority making a false instrument in writing, a copy of which is contained in the indictment.

The state proved by the witness Moore that appellant in his presence wrote a check for $33.00 and signed thereto the name of A. W. Anders. The testimony we think is sufficient to show that this was done without authority of A. W. Anders.

Appellant did not testify in his own behalf and introduced but three witnesses each of whom testified that he had not been convicted of a felony in this state nor in any other state. He is nowise attempted by his testimony to contradict the case on its merits as made by the state.

Appellant complains by bill of exception to the admission of a statement which is alleged to have been made by appellant at the time he was arrested. We think the facts as disclosed by this bill of exceptions, are clearly sufficient to show that he was under arrest at the time the statement was made, and on another trial this testimony should be excluded. In view of the fact, however, that there seemed to be no dispute about the making of the forged instrument, we would not hold that this error is of sufficient importance to warrant a reversal of the case. The case must be reversed because

of the court's error in permitting the state to introduce in rebuttal three indictments against the appellant, two of them being for forgeries and one for swindling. Each of these offenses occurred, according to the indictment, subsequent to the one for which the defendant was being tried. It has been the unbroken rule in this state that since the organization of this court that the defendant should be tried on the merits of each case, and proof of extraneous crimes which does not go to show intent, identity or system or which is not a part of the *res gestæ,* is not admissible if it could only show that defendant was a criminal generally. In this case there was no denial by defendant through his witnesses that he had committed the offense with which he stood charged, there was no question of identity, intent or system raised by the evidence. It was simply the proof that he was charged with three other independent crimes and was not admissible against him, under the facts in the case. See Branch's P. C. page 99 for full citation of many authorities sustaining these propositions.

Neither are we prepared to say that this testimony was admissible because the appellant had asked for the benefit of the suspended sentence law. Johnson v. State, 241 S. W. 484. Bowman v. State, 265 S. W. 1038. Baker v. State, 87 Tex. Cr. Rep. 305; 221 S. W. 607.

The application for a suspended sentence simply puts the reputation of one accused of crime in issue. And this reputation is to be proved not by specific acts of misconduct but by competent evidence to show whether his reputation is good or bad. Where a defendant has voluntarily put his character in issue, it is not competent or relevant to the issue to admit on rebuttal on the part of the prosecution, evidence of a series of individual acts, each forming a separate offense. Wharton's Criminal Evidence, 10th Ed., Vol. 1. Sec. 61 Underhill also states the rule as follows:

"Evidence of specific acts of bad conduct are not admissible to show bad character. The accused may always be prepared to meet an attack on his general character, but cannot be fairly required without notice to controvert particular facts."

The admission of this evidence was clearly calculated to injure appellant's chance to secure a suspended sentence.

Because of the court's error in permitting the introduction of the indictments above mentioned, it is our opinion that the judgment of the lower court must be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.