LEBES DUPLICHAN v. THE STATE.

No. 9274.    Delivered October 21, 1925.

**Contributing to Delinquency of Minor—Evidence—Hearsay and Opinions—Improperly Admitted.**

Where on a charge of contributing to the delinquency of a minor child, the state was permitted to prove, over the objections of appellant, the general bad character of appellant as a boot-legger, and associate of immoral women, none of which acts were alleged in the information, all of said testimony being predicated on hearsay and the opinions of said witnesses, the error presented in the reception of this testimony, necessitates a reversal of the case. Following Wilmering v. State 272 S. W. 473.

Appeal from the County Court of Jefferson County at law. Tried below before the Hon. C. N. Ellis, Judge.

Appeal from a conviction of contributing to the delinquency of a minor child; penalty, a fine of $100.00.

The opinion states the case.

*Rose & Johnson,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the County Court of Jefferson for the offense of contributing to the delinquency of a minor and his punishment assessed at a fine of one hundred dollars.

The information charged Ledell Duplichan and Lebes Duplichan with unlawfully causing encouraging and contributing to the delinquency of C. Duplichan a delinquent child by allowing and encouraging and permitting the said C. Duplichan to loiter in and around and assist in the manufacture and sale of intoxicating liquor.

The record discloses that C. Duplichan is a minor boy under sixteen years of age, and the brother of the appellant Lebes Duplichan. The appellant, Lebes, Duplichan, was jointly tried with Ledell Duplichan and the jury acquitted Ledell Duplichan and convicted this appellant. The record discloses the fact that the witness Baker was the chief witness for the State. It also discloses that this witness' testimony was based almost entirely upon hearsay and upon his conclusions and there is very little of it contained in the record which if properly objected to would have been admissible. The record shows, however, that a great deal of it was allowed to go in without objection and, of course, that portion of it is not available to this appellant on appeal. The record does disclose, however, that proper objection was made by appellant's counsel to the following testimony of said witness Baker:

"Lebes Duplichan's calaber is a bootlegger; he lolls on the street and does not work, and associates with immoral characters, and everything bad. C. Duplichan assists him and aids and abets him in that. He drives a car with the woman they bed up with, and other things, violations of the law. He has done it a number of different times. I cannot recall the dates, I saw him with the same woman in the marsh making whiskey and laying in bed with, and associating with, in selling whiskey. That was a month ago; any time during the week you want to see them. That was in the city of Port Arthur, he was laying up at 830 Austin Avenue. I arrested him and filed a complaint against him for that offense, and he paid a fine. That matter has been satisfied. C. Duplichan was driving the car I mentioned up and down Houston Avenue in the negro quarters, and most any place you can see them, different places, different times. Sometimes he was by himself, sometimes with his brother, and sometimes this woman, and different ones different times. I cannot remember the woman's name. I saw the kid with her one time I know."

This testimony was properly objected to as being the opinion and conclusion of the witness and being based upon supposition and hearsay and because it was highly prejudicial to the defendant and because there was no allegation in the pleadings charging him with the offense of associating with prostitutes or lewd women. Various other objections were made to its introduction. This testimony was not admissible. The appellant was charged with the direct and specific offense of permitting the said C. Duplichan to loiter around and assist in the manufacture and sale of intoxicating liquor, and proof that he loitered around and associated with a lewd woman had no bearing on the charge for which he was being tried Neither was it admissible for the State to show by this witness that this appellant's calibre is that of a bootlegger, and it was certainly in violation of all the rules of evidence known to this court to permit the State to prove that the appellant "lolls on the streets and does not work and associates with immoral characters and everything bad", when the character of conduct was not an issue under either the charge or the evidence. Wilmering v. State, 272 S. W., 473.

We deem it pertinent to suggest that upon another trial of this case that the testimony be confined toward developing the offense charged in the information and that the witness Baker as well as the other witnesses in the case be precluded from stating as facts matters that are clearly hearsay, or that are conclusions drawn by the witnesses based upon hearsay. If this witness, or the other witnesses, know that this appellant was engaged in the manufacture of liquor and that he was allowing his minor brother to assist him in this unlawful occupation, then it is pertinent for them to so testify; but mere conclusions to the effect that this appellant was so engaged should not be admitted.

Because the court erred in admitting the testimony above set out, it is our opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.