### EARL BRYANT V. THE STATE.

No. 10829.    Delivered March 20, 1927.

**1.—Theft, a Felony—Bill of Exception—Qualification of Court—Controls.**

Where appellant complains in a bill of exception of a remark of the court directed to counsel for appellant, "If you are going to make objections continuously I will withdraw the jury and try this case," and the court qualifies his bill by stating that he did not make the remark complained of, the qualification controls, and no error is presented in such bill.

**2.—Same—Impeaching Defendant—Proof of Other Offenses—Improperly Admitted.**

Where the state was permitted, on cross-examination of appellant, and by other witnesses to prove that appellant had committed numerous other offenses of different grades, many of which he had never been indicted nor tried for, the error in admitting this testimony demands the reversal of the case.

**3.—Same—Continued.**

"It has been the unbroken rule in this court that the defendant should be tried upon the merits of each case, and proof of extraneous crimes which does not go to show intent, identity or system, or which is no part of the res gestae, is not admissible, if it could only show that the defendant was a criminal generally." Pettiett v. State, 272 S. W. 473.

**4.—Same—Continued.**

Nor does the fact that appellant has filed his plea for a suspended sen-

tence authorize the admission of such proof. Where a defendant has vol-
untarily put his character in issue, as he does when he asks for a sus-
pended sentence, it is not competent or relevant to the issue, to admit in
rebuttal evidence of a series of individual acts, of separate offenses. See
Johnson v. State, 241 S. W. 484, and other cases cited.

Appeal from the Criminal District Court of Dallas County.
Tried below before the Hon. Felix D. Robertson, Judge.

Appeal from a conviction of theft, a felony, penalty three
years in the penitentiary.

The opinion states the case.

*Callaway, Dalton & Callaway,* and *E. L. Roark,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,*
Assistant State's Attorney, for the State.

BETHEA, JUDGE.—The appellant was convicted in the Crimi-
nal District Court of Dallas County for the offense of theft of
over $50.00, and his punishment assessed at three years in the
penitentiary.

Appellant, upon his arraignment, entered a plea of guilty and
filed an application for a suspended sentence.

Appellant, by his bill of exception No. 1, complains of the
action of the trial court, after the attorney representing the
appellant had objected to the introduction of testimony, in
addressing appellant's attorney, in the presence of the jury, as
follows:

"If you are going to make objections continuously, I will with-
draw the jury and try this case."

The appellant objected to the remarks of the court on the
grounds that said remarks were improper, were calculated to
and did cause the jury to believe that appellant's attorney was
not making proper objections, and tended strongly to cause the
jury to believe that the court was prejudiced against the appel-
lant; and that such conduct on the part of the court unduly
aroused the feeling of the jury against the appellant and caused
the jury to inflict upon the appellant a more severe penalty than
they would otherwise have inflicted.

The court qualifies this bill of exception by stating that he
did not make the remark complained of, but made the follow-
ing remark:

"If you are going to make objections continuously, I will

withdraw the defendant's plea of guilty and enter a plea of not guilty."

In the light of this explanation by the learned trial judge and further explanations and qualifications which are not herein set out, this bill presents no error.

Bills of exception Nos. 2 and 3 complain of the learned trial judge's action in permitting the state to prove by the appellant on cross-examination that he had been in jail a good many times for first one thing and then another; had been arrested for being drunk; that he did not know how many times altogether he had been arrested; forced him to testify that he had been arrested on suspicion and for speeding so many times that he did not know the number; and in permitting the witness Ollie Freeland, a city detective of the city of Dallas, to testify over the objection of the appellant, that he had occasion to arrest appellant near the Orchard Hill Chicken Garden in Dallas County for theft over the value of $50.00, or of the value of $65.00 or $85.00; further permitting the witness to testify, over appellant's objection, that the appellant and another boy went out to the stand at the Orchard Hill Chicken Garden and stole the proprietor's money and jumped into a car and ran off, and turned off the road, and in failing to make the turn appellant turned his car over, and that the said witness Freeland and another officer went out to the car and found that it belonged to the appellant, and that they got hold of the man who ran the Chicken Garden and from whom the appellant stole the money and found that the proprietor of the Chicken Garden did not want to prosecute the appellant but refused to appear in court against the appellant, and no indictment was ever returned against him, and no charges filed on account of said theft. All of this testimony set out above was excepted to by the appellant for the reason that it was highly inflammatory to the minds of the jury, and would incite and prejudice them unduly against the appellant, and that said testimony was merely the hearsay statement and conclusion of the police officer inasmuch as it appeared therefrom that he did not see any of said transaction and could only have known the facts by reason of what was told to him by some other person, and for the further reason that no indictment or criminal charge had ever been based upon said transaction, and that said transaction so testified to over appellant's objection relates to another and different crime other than that for which the appellant was being tried and which had occurred something like a year before the transaction for which the appellant was

being tried. In the admission of this testimony, the learned trial judge fell into error.

The rule laid down in the case of Pettiett v. State, 272 S. W. 473, is as follows:

"It has been the unbroken rule in this state since the organization of this court that the defendant should be tried upon the merits of each case, and proof of extraneous crimes which does not go to show intent, identity or system, or which is no part of the res gestae is not admissible if it could only show that defendant was a criminal generally."

In this case there was no denial on the part of the appellant of his guilt, he having entered a plea of guilty and asked for a suspended sentence. The testimony was inadmissible on the issue of suspended sentence.

Again, we find in the case just cited above, the following expression of this court:

"The application for a suspended sentence simply puts the reputation of one accused of crime in issue, and this reputation is to be proved, not by specific acts of misconduct, but by competent evidence to show whether his reputation is good or bad. Where a defendant has voluntarily put his character in issue, it is not competent or relevant to the issue to admit on rebuttal, on the part of the prosecution, evidence of a series of individual acts, each forming a separate offense."

The admission of this evidence was clearly calculated to injure appellant's chance to secure a suspended sentence, and we are not prepared to say, in view of the fact that the jury assessed a penalty greater than the minimum and declined to suspend the sentence, that the jury did not appropriate this testimony. Johnson v. State, 241 S. W. 484; McKnight v. State, 265 S. W. 892; Bowman v. State, 265 S. W. 1038; Pettiett v. State, 272 S. W. 473; Elkins v. State, 276 S. W. 291.

The learned trial judge having fallen into error in permitting the introduction of the evidence complained of in the last two bills of exception, it is our opinion that the judgment of the trial court should be reversed and the cause remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.