### Olivia Matthews v. The State.

No. 11414.   Delivered April 4, 1928.

Rehearing denied State, May 16, 1928.

1. — Manslaughter — Evidence — Absence of Eyewitnesses — Not Properly Admissible.

"Where, on a trial for manslaughter, the state was permitted, over objection of appellant, to introduce subpoenaes and attachments for two eyewitnesses to the homicide, who were not present on the trial, which process was returned, not found after diligent search, the admission of this evidence was error, it not being contended that appellant was in anywise responsible for the absence of the witnesses.

2.—Same—Continued.

Appellant was not chargeable with the absence of state witnesses nor would he be chargeable with the absence of any witnesses from the trial unless there was something to show that he had been instrumental in keeping them away, and there was no attempt made or evidence offered to show that he was in any way connected with or instrumental in keeping the witnesses from attending court and giving their testimony. The mere absence of witnesses from a trial should not be used against an accused person, unless he was instrumental in some way in keeping them away." See Askew v. State, 127 S. W. 1037, and other cases cited.

3.—Same—Evidence—Specific Acts of Misconduct—Under Plea for Sus-
pended Sentence—Inadmissible.

This court has repeatedly held that under a plea for a suspended sen-
tence the state cannot prove specific acts of misconduct to combat the good
reputation of the accused. Whenever the purpose is to attack the general
reputation of the accused for being peaceable and law-abiding, let it be
plainly understood that this cannot be done, in the first instance, by proof
of specific acts of misconduct or the commission of specific offenses. See
Skelton v. State, 291 S. W. 238, and other cases cited.

ON REHEARING BY STATE.

4.—Same—No Error Presented.

On rehearing, the state insists that Sweeney's case, 146 S. W. 883, in
effect overruled Askew v. State, 59 Tex. Crim. Rep. 152, and Hardin v.
State, 55 Tex. Crim. Rep. 634, which, among others, was relied on in our
original opinion. The Sweeney case has never been followed, and the
opinion has not been regarded as sound, while the Askew and other cases
cited in support of our original opinion has been followed in numerous
cases cited on rehearing.

Appeal from the District Court of Galveston County. Tried
below before the Hon. C. G. Dibrell, Judge.

Appeal from a conviction for manslaughter, penalty five years
in the penitentiary.

The opinion states the case.

*Elmo Johnson* of Galveston and *S. J. Styles* of Bay City, for
appellant. On admission of process issued by state for eye-
witnesses who were not found, appellant cites: Schultz v. State,
262 S. W. 494; Parker v. State, 216 S. W. 180; Funk v. State,
208 S. W. 513; Askew v. State, 59 Tex. Crim. Rep. 152; Hardin
v. State, 55 Tex. Crim. Rep. 634, and Clifton v. State, 46 Tex.
Crim. Rep. 22.

*D. B. McInerny,* County Attorney of Galveston County, and
*A. A. Dawson,* State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is manslaughter, the pun-
ishment confinement in the penitentiary for five years.

The testimony of the state's witnesses supported the theory
that appellant, impelled by jealousy, attacked the deceased,
Estelle Reado, and cut her with a knife. Appellant's testimony
supported her theory that deceased and her companion, Maudel
Jones, attacked her with knives and that acting in her necessary
self-defense, she cut and killed deceased.

Bill of exception No. 4, as qualified by the trial court, presents
the following occurrence: The names of Parlee Butler and

Willie Smith appeared on the indictment as state's witnesses. Parlee Butler was an eyewitness to the killing. At the close of its evidence the state introduced in evidence two subpoenaes and three attachments for said witnesses, showing that such process had been issued at the instance of the state and further, by the returns thereon showing that the officers had been unable, after diligent search, to find said witnesses. Appellant objected to the introduction of the subpoenaes and attachments on the ground that they were "immaterial, irrelevant and prejudicial to the defendant's rights for the reason that it might tend to make the jury believe that the defendant had something to do with the absence of these witnesses." At this juncture the jury was excused and the court asked the state to state upon what theory it was contended that the process was admissible. The County Attorney replied that Parlee Butler was an eyewitness to the killing and that the state desired to lay a predicate for answering appellant's anticipated argument to the effect that the state had failed to produce all of the eyewitnesses. The County Attorney further advised the court that he had cases in point, which affirmatively supported his contention. The court admitted the testimony, but, being doubtful of its admissibility, said to appellant's counsel: "It is the court's purpose to correct the effect complained of by defendant at the proper time, and defendant's counsel is requested to call the matter to my attention should I overlook it." Appellant did not request any instruction relative to the matter. No reference was made in argument by either side to said attachments or subpoenaes. It was not shown that appellant was responsible for the absence of the witnesses."

There being no facts showing that appellant had been instrumental in causing the disappearance of the witnesses or preventing their attendance upon the trial, the state was not authorized to introduce against appellant the subpoenaes and attachments with the returns thereon showing that the witnesses could not be found after diligent search. Schultz v. State, 262 S. W. 493; Parker v. State, 216 S. W. 78; Funk v. State, 208 S. W. 509; Askew v. State, 127 S. W. 1037; Hardin v. State, 117 S. W. 974. In Askew, supra, Judge Davidson said:

"Appellant was not chargeable with the absence of state's witnesses, nor would he be chargeable with the absence of any witness from the trial, unless there was something to show that he had been instrumental in keeping them away, and there was no attempt made or evidence offered to show that he was in any way connected with or instrumental in keeping the witnesses

from attending court and giving their testimony. The mere absence of witnesses from a trial should not be used against an accused person unless he was instrumental in some way in keeping them away."

Appellant filed an application for a suspended sentence. The state showed specified acts of misconduct on the part of appellant. While appellant's bill of exception fails to show that proper objections were lodged against the receipt of such testimony and therefore is insufficient to manifest reversible error, we deem it proper to again call attention to the fact that this court has condemned the practice of proving specific acts of misconduct to combat the good reputation of the accused. In Skelton v. State, 291 S. W. 238, Judge Lattimore, in dealing with the same question under consideration here, said:

"We have tried to make clear that the Suspended Sentence Law (Vernon's Ann. C. C. P., 1925, Art. 776) makes no change in the settled rules regarding proof of general reputation, and that, as affecting the right of suspended sentence, proof from either side must be as to the general reputation of the accused for being a peaceable and law-abiding citizen. We have also said repeatedly that proof of specific acts of misconduct or the commission of specific crimes or details thereof is not admissible as directly combating the good reputation of the accused. When one accused of crime files application for suspended sentence, this puts his general reputation as a law-abiding citizen into the case as an issue. Overby v. State, 92 Tex. Crim. Rep. 172, 242 S. W. 213. This issue can be attacked or supported by the testimony of any witness who qualifies as to his knowledge of such general reputation, and this whether the accused has taken the witness stand or not. Whenever the purpose is to attack the general reputation of the accused for being peaceable and law-abiding, let it be plainly understood that this cannot be done, in the first instance, by proof of specific acts of misconduct or the commission of specific offenses. We have often said that, on cross-examination of witnesses to general reputation, they may be asked as to their having heard of specific acts of misconduct on the part of the accused at variance with the character ascribed to him by such witnesses; the purpose of such questions being to thus weaken the force of the testimony of such witnesses."

See also Bryant v. State, 292 S. W. 882; Pettiett v. State, 272 S. W. 473.

For the error discussed, the judgment is reversed and the cause remanded.                    *Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The state has filed a forceful motion insisting that Sweeney's case, 146 S. W. 883, in effect overruled Askew v. State, 59 Tex. Crim. Rep. 152, 127 S. W. 1037, and Hardin v. State, 55 Tex. Crim. Rep. 634, 117 S. W. 974, which among others were relied on in our original opinion. The opinion in Sweeney's case was by a divided court. The majority opinion has not been regarded as sound. It has never been followed, whereas upon the point at issue Askew, supra, has been cited with direct approval in Schultz v. State, 97 Tex. Crim. Rep. 413, 262 S. W. 493, and followed in principle in Parker v. State, 86 Tex. Crim. Rep. 22, 216 S. W. 178, and Funk v. State, 84 Tex. Crim. Rep. 402, 208 S. W. 509, while the Hardin case (supra) has been cited with direct approval in Schultz v. State (supra), and likewise followed in principle in the Parker and Funk cases (supra). The decisions in the Schultz, Parker and Funk cases have all been rendered since the decision in Sweeney v. State. The majority opinion in the latter case is based in part upon a qualification to a bill of exception stating that when the proof was made as to the absent witness being out of the state the court did not know but that the state was laying a predicate for the reproduction of testimony given by the absent witness on a former trial, although it appears that such qualification was placed on the bill over defendant's objection. Such being the case this court was without authority to consider the qualification or in any manner base an opinion thereon. (See Stapleton v. State, 107 Tex. Crim. Rep. 596, 298 S. W. 578 for citing to statute and collation of authorities.)

The motion for rehearing is overruled.          *Overruled.*