### WINK MERRITT v. THE STATE.

No. 15865.  Delivered May 24, 1933.
Reported in 60 S. W. (2d) 792.

The opinion states the case.

*Morriss & Morriss,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Burglary is the offense; punishment, 2 years in the penitentiary.

Appellant pleaded guilty to the offense charged, and before doing so filed his sworn application for a suspended sentence. The appellant testified in his own behalf upon the question of a suspended sentence that he had never been convicted of a felony in this state or any other state; that he had never committed a felony or burglary previous to the one charged; that he had never been in trouble before and this was the first offense in his lifetime. It was the first time he had knowingly

done a wrong of that sort. He also introduced several witnesses who testified that appellant's general reputation as being a peaceable and law-abiding citizen was good.

The state offered no witnesses as to the general reputation of the appellant.

By bills of exception Nos. 2, 3, 4, 5, and 6 complaint is made of the learned trial judge's action in permitting the state to prove, over the objection of the appellant, on cross-examination of the appellant, that he had been arrested, confined, and investigated and finger printed at Chickasha, Oklahoma, and also at Fort Worth, San Antonio, Houston and Bellville. All of this testimony was excepted to by the appellant on the ground that the same was irrelevant and immaterial and incompetent to be admitted before the jury, it not being shown that the appellant was charged with a felony or indicted or convicted for any felony and the same was prejudicial to the rights of the appellant.

The trial judge qualified all of said bills to the effect that the appellant on his direct examination had testified that he had never been in trouble before that night and this was the first offense in his lifetime and it was the first time he had ever knowingly done a wrong of that sort, and with the further qualification that the district attorney was authorized only by this testimony to cross-examine the defendant on the subject.

In the admission of this testimony we think the learned trial judge fell into error. We quote from the case of Pettiett v. State, 100 Texas Crim. Rep., 255, 272 S. W., 473, as follows: "The application for a suspended sentence simply puts the reputation of one accused of crime in issue. And this reputation is to be proved not by specific acts of misconduct, but by competent evidence to show whether his reputation is good or bad. Where a defendant has voluntarily put his character in issue, it is not competent or relevant to the issue to admit on rebuttal, on the part of the prosecution, evidence of a series of individual acts each forming a separate offense." In the case of Skelton v. State, 291 S. W., 238, Judge Lattimore, speaking for the court, said: "We have tried to make clear that the suspended sentence law (Vernon's Ann. C. C. P., 1925, art. 776) makes no change in the settled rules regarding proof of general reputation, and that, as affecting the right of suspended sentence, proof from either side must be as to the general reputation of the accused for being a peaceable and law-abiding citizen. We have also said repeatedly that proof of specific acts of misconduct or the commission of specific crimes or details thereof is not admissible as directly combatting the good reputation of the

accused." Again we find in the case just cited above the following expression of this court: "Whenever the purpose is to attack the general reputation of the accused for being peaceable and law-abiding, let it be plainly understood that this cannot be done, in the first instance, by proof of specific acts of misconduct or the commission of specific offenses."

The admission of this evidence was clearly calculated to injure appellant's chance to secure a suspended sentence, and we are not prepared to say that the jury did not appropriate this testimony to the detriment of the appellant in declining to grant a suspended sentence.

For the error in admitting said testimony, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.