## ESKER WILLIAMS V. THE STATE.

No. 17896.   Delivered February 5, 1936.
State's Rehearing Denied March 18, 1936.

The opinion states the case.

*T. C. Hutchings* and *Sam Williams*, both of Mt. Pleasant, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for twenty years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Rhue Rolland by shooting him with a pistol.

The record reflects the killing of one negro by another negro. Appellant and deceased had had a difficulty the day preceding the homicide. According to the testimony of appellant and his witnesses, deceased had violently assaulted him and had declared that it was his purpose to kill him the next time he met him. Touching the immediate transaction resulting in the homicide, the State's testimony was to the effect that appellant armed himself and sought deceased; that when he and deceased met appellant drew a pistol and began firing; that deceased ran, holding his hands above his head; that appellant pursued him and shot him several times. Appellant denied that he was seeking deceased, and declared that he had armed himself in view of the threats on the part of deceased to take his life. His testimony was to the further effect that, when he and deceased met, deceased approached him with his hand in his pocket as if to draw a weapon, and that, believing his life was in danger, he shot deceased. Some of the witnesses testified that deceased had an open knife in his hand.

Appellant filed an application for a suspended sentence. On cross-examination he testified that he had been indicted in one other case. In response to further questioning by the district attorney, he denied that he had been arrested on three separate occasions. Upon redirect-examination he explained that in testifying that he had been indicted he referred to having paid a fine for vagrancy. The State later called the justice of the peace and had him examine his docket. He testified that the docket entries showed appellant had paid a fine for gaming, one for rudely displaying a pistol, and another for vagrancy. He testified that in each instance appellant had entered a plea of guilty. Bills of exception 5 to 12, both inclusive, complain of the action of the trial court in permitting the State to prove said specific acts of misconduct. Counsel for the State contends that appellant's denial of the fact that he had been arrested on three separate occasions, together with the statement elicited from him by his counsel that he had paid a fine for vagrancy, warranted the trial judge in overruling appellant's objection to the testimony of the justice of the peace touching the other specific acts of misconduct. Again, counsel for the State insists that the court's instruction to the jury limiting said testimony to the question of the suspension of sentence saved appellant from harm. The latter contention is based on the fact that the jury, in assessing a penalty of twenty years, would have been unauthorized under the statute in recommending that the sentence be suspended. Hence it is insisted

that the proof in question could have in nowise affected the verdict.

It is now the settled rule in this court that the filing of an application for a suspended sentence does not warrant the State in proving specific acts of misconduct to combat the good reputation of the accused. In Skelton v. State, 106 Texas Crim., Rep., 90, 291 S. W., 238, Judge Lattimore used langauge as follows:

"We have tried to make clear that the Suspended Sentence Law (Vernon's Ann. Code Cr. Proc., 1925, Art. 776), makes no change in the settled rules regarding proof of general reputation, and that, as affecting the right of suspended sentence, proof from either side must be as to the general reputation of the accused for being a peaceable and law-abiding citizen. We have also said repeatedly that proof of specific acts of misconduct or the commission of specific crimes or details thereof is not admissible as directly combatting the good reputation of the accused. When one accused of crime files application for suspended sentence, this puts his general reputation as a law-abiding citizen into the case as an issue. Overby v. State, 92 Texas Crim Rep., 172, 242 S. W., 213. This issue can be attacked or supported by the testimony of any witness who qualifies as to his knowledge of such general reputation, and this whether the accused has taken the witness stand or not. Whenever the purpose is to attack the general reputation of the accused for being peaceable and law-abiding, let it be plainly understood that this cannot be done, in the first instance, by proof of specific acts of misconduct or the commission of specific offenses. We have often said that, on cross-examination of witnesses to general reputation, they may be asked as to their having heard of specific acts of misconduct on the part of the accused at variance with the character ascribed to him by such witnesses; the purpose of such questions being to thus weaken the force of the testimony of such witnesses." See, also, Bryant v. State, 106 Texas Crim. Rep., 442, 292 S. W., 882; Pettiett v. State, 100 Texas Crim. Rep., 255, 272 S. W., 473; Merritt v. State, 60 S. W. (2d) 792; Brown v. State, 87 S. W. (2d) 720; Pippen v. State, 70 S. W. (2d) 598.

As appellant testified in his own behalf, it would have been proper to have shown that he had been indicted or convicted or that he was then under indictment for a felony or for a misdemeanor imputing moral turpitude, provided such impeaching testimony was not too remote. Branch's Annotated

Penal Code, sec. 167; Chambless v. State, 24 S. W., 899; Carpenter v. State, 300 S. W., 83. However, the offenses of rudely displaying a pistol and gaming do not impute moral turpitude. Nor does the offense of vagrancy involve moral turpitude unless it is for that form of vagrancy consisting of being a common prostitute or an inmate of a house of prostitution. McIntosh v. State, 91 Texas Crim. Rep., 392, 239 S. W., 622.

We are not able to reach the conclusion that the testimony in question was rendered admissible on the ground that appellant had denied his arrest on three occasions and had testified without objection that he had been convicted of vagrancy. In Merritt v. State, supra, it appears that an application for a suspended sentence had been filed. Notwithstanding Merritt testified on direct-examination that he had never been in trouble before and that the offense for which he was on trial was the first one he had ever been charged with, we held that the State was not warranted in rebutting such testimony by proof of specific acts of misconduct. We think the holding in said case is controlling. It is true that the testimony touching appellant's conviction for vagrancy was before the jury without objection, and that therefore appellant is now in no position to complain of its receipt. However, proof of the fact that he had pleaded guilty to the offenses of rudely displaying a pistol and gaming was timely and properly objected to. We think one who has repeatedly violated the law would likely receive greater punishment at the hands of a jury upon being shown such fact than would one who has been guilty of but a single transgression. It is obvious that one who is on trial for murder might be seriously prejudiced by proof of the fact that he had been convicted in another transaction of rudely displaying a deadly weapon, as the inference might be drawn that he was a man of violent and dangerous disposition, whose enlargement was a menace to society. Under the circumstances reflected by the record, we are unable to determine that receipt of said testimony did not contribute to the assessment of a penalty of twenty years. It follows that we are constrained to hold that reversible error is presented.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The State moves for a rehearing, insisting, in substance, that the appellant having injected into this case, by his own sworn statement as a witness, that he had not been arrested or indicted before Christmas, and that this issue being raised, the State had the right to bring the witness Bland, justice of the peace, and have him read and testify from his docket the record of appellant's arrest and conviction for three misdemeanors, none of which were of such kind as to impute moral turpitude. · It will be noted that the State drew this testimony out of appellant on cross-examination.

Practically a similar question was before us in Johnson v. State, 91 Texas Crim Rep., 582, which was reversed upon motion for rehearing. The Johnson case is cited and followed in Waters v. State, 91 Texas Crim. Rep., 600; Rose v. State, 92 Texas Crim. Rep., 563; West v. State, 93 Texas Crim. Rep., 290; Williford v. State, 95 Texas Crim. Rep., 473, and others. It is said, in substance, in the Johnson case that the State might have objected to the testimony of the accused, in effect, that he had never been arrested for anything, but not having seen fit to do so, the State could not offer as an excuse for its attack upon appellant's past record, consisting of misdemeanor offenses, the proposition that appellant invited the error or furnished the excuse. Manifestly in the case before us the accused was not given the lowest penalty, and it may be properly so,—but this court cannot know that the jury did not appropriate the testimony of appellant's misdemeanor convictions to the injury of the accused in the matter of penalty. See Bryant v. State, 292 S. W., 882. We are not led to believe that we were wrong in our holding in this case.

The motion for rehearing is overruled.

*Overruled.*