### JOE A. JACKSON V. STATE.

No. 25131. February 21, 1951.

*Wade, Wade & Barnhart,* Beeville, for appellant.

*John H. Miller,* District Attorney, Sinton, and *George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction under what is commonly referred to as the indecent fondling statute, appearing as Art. 535d, Vernon's Penal Code.

Upon his plea of guilty before a jury, appellant's punishment was fixed at twelve and one-half years in the penitentiary.

The count of the indictment upon which guilt was predicated was to the effect that appellant, "with lascivious intent, willfully and intentionally" placed his hand upon the sexual parts of a female under the age of fourteen years.

Appellant filed an application for a suspended sentence and, in support thereof, testified that he had "never been in court before." The trial court accepted this testimony as being sufficient to show that he had not been convicted of a felony and to warrant submission of the plea to the jury.

Other than by the sworn plea, appellant did not place his reputation for being a peaceable and law-abiding citizen in issue. No witness was called who attested to appellant's good reputation in the respect mentioned. The sheriff testified that the reputation was bad.

Under this state of facts, the state was permitted, over appellant's objection, to show that about two years prior, in an adjoining county, appellant had been guilty of an act of misconduct similar to that for which he was here upon trial. In addition, state's counsel inquired relative to other prior accusations against appellant, proof of which appear, however, to have been denied upon appellant's objection.

In Skelton v. State, 106 Tex. Cr. R. 90, 291 S. W. 238, we announced the rule:

"When one accused of crime files application for suspended sentence, this puts his general reputation as a law-abiding citizen into the case as an issue . . . . . This issue can be attacked or supported by the testimony of any witness who qualifies as to his knowledge of such general reputation, and this whether the accused has taken the witness stand or not. Whenever the purpose is to attack the general reputation of the accused for being peaceable and law-abiding, let it be plainly understood that this cannot be done, in the first instance, by proof of specific acts of misconduct or the commission of specific offenses."

The rule stated has been consistently followed. See Williams v. State, 130 Tex. Cr. R. 86, 91 S. W. 2d 709.

This being a plea of guilty before the jury, there were no defenses or defensive issues for the jury to have passed upon. Had the testimony raised any such defenses, the case could not have been finally determined under the plea of guilty. Burks v. State, 145 Tex. Cr. R. 15, 165 S. W. 2d 460.

It is apparent, therefore, that proof of appellant's prior act of misconduct was prohibited under the rule stated. Under the penalty assessed, we cannot say that appellant was not injured by the objectionable testimony.

The disposition made renders unnecessary a determination of the other questions raised.

For the error mentioned, the judgment is reversed and the cause remanded.

Opinion approved by the court.